FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 14 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STATE OF ARKANSAS *ex rel.*
DUSTIN McDANIEL, Attorney General                                      PLAINTIFF

v.                              NO.: 4:09-CV-0457 JMM

EXPLICIT MEDIA, INC.
d/b/a VOICE SOLUTIONS;                                                 DEFENDANTS
CRAIG RUBINO; JOSEPH RUBINO;
JOSEPH JOHNSON

## CONSENT JUDGMENT

The State of Arkansas *ex rel.* Dustin McDaniel, Attorney General ("The State") filed this action against the Defendants, Explicit Media, Inc. d/b/a Voice Solutions, Craig Rubino, Joseph Rubino, and Joseph Johnson (hereinafter "Defendants") alleging violations of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101, *et seq.*, the Telemarketing Sales Rule, 16 C.F.R. § 310, the Telephone Consumer Protection Act, 47 U.S.C. § 227, 47 C.F.R. § 64.1200, the Arkansas Consumer Telephone Privacy Act, ARK. CODE ANN. § 4-99-401, *et seq.*, the Caller Identification Blocking by Telephonic Sellers Act, ARK. CODE ANN. § 4-99-301, *et seq.*, the Arkansas Deceptive Trade Practices Act, ARK. CODE ANN. § 4-88-101, *et seq.*, and ARK. CODE ANN. § 5-63-204. Now the Attorney General and the Defendants have announced to this Court that they wish to resolve this action by Consent Judgment. The Attorney General and the Defendants stipulate that this Consent Judgment has been negotiated by the parties in good faith, and that this Consent Judgment is fair, reasonable, and in the public interest. The parties ask this Court to enter this Consent Judgment in resolution of this matter.

1

Upon consideration of this request, and with the consent of the parties to this Consent Judgment, the Court finds that the Consent Judgment is fair, reasonable, and in the public interest.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this action under 15 U.S.C. § 6103(a), 47 U.S.C. § 227(f)(2), and 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 47 U.S.C. § 227(f)(4).

3. For the purposes of this Consent Judgment, the Attorney General and the Defendants waive any and all objections and defenses that they may have to the jurisdiction or venue of the United States District Court for the Eastern District of Arkansas, and shall not challenge this Court's jurisdiction with respect to the entry of this Consent Judgment or any subsequent action to enforce the terms of this Consent Judgment, should such action be necessary

### II. Parties

4. Plaintiff is the State of Arkansas *ex rel.* Dustin McDaniel, Attorney General.

5. Defendant Explicit Media, Inc. d/b/a Voice Solutions, is a Florida corporation. Explicit Media is not registered with the Arkansas Secretary of State.

6. Defendant Craig Rubino is an individual who is an owner of Defendant Explicit Media, Inc.

7. Defendant Joseph Rubino is an individual who is an owner of Defendant Explicit Media, Inc.

8. Defendant, Joseph Johnson is an individual who is an owner of Defendant Explicit Media, Inc.

### III. Position of the Plaintiff

9. The position of the Plaintiff is set out in detail in the Plaintiff's Complaint, paragraphs 9 through 28. In brief, it is the position of the Plaintiff that the Defendants have violated both Federal and Arkansas law by making pre-recorded, automated calls to promote for the purpose of selling automotive warranties, including to individuals registered on the "Do-Not-Call" registry maintained by the Federal Trade Commission ("FTC").

### IV. Position of the Defendants

10. The position of the Defendants is set out in detail in the Defendants' Answer. In brief, it is the position of Defendants that they did not violate federal and Arkansas law.

### V. Injunction

11. Pending further Orders of this Court and unless otherwise permitted by law, Defendants are permanently enjoined and restrained from the following:

(a) placing, or causing to be placed, non-exempt telemarketing calls to Arkansas residents without first accessing the "Do-Not-Call" registry maintained by the Federal Trade Commission ("FTC") for area codes (479), (501), and (870);

(b) Placing, or causing to be placed, non-exempt telemarketing calls to Arkansas residents enrolled in the national "Do-Not-Call" registry maintained by the FTC;

(c) Causing to be displayed a fictitious or misleading telephone number on Arkansas residents' telephone caller identification services;

(d)     Utilizing, or causing to be utilized, an automated system for the selection and dialing of telephone numbers to Arkansas residents if such use is in violation of Arkansas or United States law; and

(e)     Placing telephone calls containing or causing to be played recorded messages related, either directly or indirectly, to the sale or attempted sale of goods and services to Arkansas residents.

12.     The Defendants shall monitor any and all telemarketers, or other entities, that it utilizes in its marketing efforts to assure compliance with the terms of this Permanent Injunction.

13.     For the purposes of this Injunction and any action brought to enforce the terms of this injunction, the Defendants shall be deemed to stand in a principal/agent relationship with any third party telemarketer, or other entity, that it utilizes in its telemarketing efforts, on its own behalf or behalf of others, and shall be responsible for the compliance of such entities with the terms of this Injunction.

## VI.  Cooperation Agreement

14.     In addition, the Defendants agree to give full, continuing and complete cooperation to Plaintiff regarding any violations alleged in the Plaintiff's First Amended Complaint by:

(a)     giving full and truthful assistance in any investigation, discovery, and/or trial relating to any complaint against any former client or business partner of Explicit Media;

(b)     giving the State all reasonably-available evidence relevant to any former or current Explicit Media client or business partner

(c)     providing a database of key documents;

(d)     producing all relevant documents relating to sales, procedures, and calling lists;

4

(e) meeting and conferring on making Defendants Craig Rubino, Joseph Rubino, and Joseph Johnson available for depositions and trial, as well as providing an oral proffer of said employees' testimony upon request;

(f) producing at trial, and if necessary, at multiple trials, in person, by deposition or by affidavit, whichever is legally necessary, representatives to provide truthful and complete testimony;

(g) making other employees besides Defendants reasonably available for interviews by the State's counsel ;

(h) All of the cooperation required by this agreement shall be provided without cost to the Attorney General and at the Defendants' expense. Defendants' total expenses for this obligation, however, shall not exceed $5,000.

(i) This cooperation agreement will expire 18 months from the date of this Consent Judgment or until the completion of any litigation brought by Plaintiff related to this matter which must be filed with 12 months of the date of this Consent Judgment.

15. The Defendants acknowledge that their cooperation pursuant to these provisions will involve the production of some attorney work-product and that such cooperation will involve Defendants' expenditure of reasonable costs. Any statements or representations pursuant to this cooperation provision that are not made under penalty of perjury may not be used in evidence in this Action or any other proceeding against Explicit Media; however, the State is free to pursue any and all investigative leads derived in any way from statements or representations made pursuant to this cooperation agreement. Furthermore, if a representative of Explicit Media should subsequently testify contrary to the substance of statements or representations made to the State pursuant to this cooperation agreement, or otherwise present a position inconsistent with such statements or representations, nothing shall prevent the State

from using the substance of the statements or representations for impeachment or rebuttal purposes. Explicit Media shall use its best efforts to provide such cooperation which meets the needs of the. State. Explicit Media shall begin to provide such cooperation within five (5) days after execution of this Agreement. Information supplied pursuant to this cooperation provision shall not be disclosed to any third party except (i) in any action brought by the State against former or current Explicit Media clients or business partners with respect to claims related to those set forth in the State's Original Complaint; or (ii) with Explicit Media's prior written consent. The Court has the power to enforce this cooperation paragraph as appropriate.

### VII. Monetary Provisions

16. Concurrent with the execution of this Permanent Injunction, Defendants shall pay the State of Arkansas the amount of Forty Thousand Dollars ($40,000). This payment shall be made in eight monthly payments of $5,000 the first of which is due upon execution of this document and each subsequent payment is due 30 days thereafter. This payment shall be deposited in the Attorney General's Consumer Education and Enforcement Fund and held in trust there to be used by the Attorney General in his discretion to further efforts to investigate and prosecute consumer protection, environmental, public utilities and antitrust matters, and to educate consumers regarding such matters.

17. A civil penalty of Five Hundred Thousand Dollars ($500,000) is imposed upon the Defendants. However, this amount shall be held in abeyance dependent upon the compliance of the Defendants with the provisions of this Consent Judgment, including the monetary provisions.

### VIII. Miscellaneous Provisions

18. This Consent Judgment resolves all civil claims and causes of action which were or could have been asserted by the Plaintiff under state consumer protection or telemarketing statutes related to the allegations in the State's Complaint. Nothing herein shall operate to release any claims related to the characteristics or marketing of the warranty product being sold. In addition, nothing herein shall be construed to release claims related to whether services should have been covered by a warranty.

19. Nothing contained herein shall be construed so as to deprive any individual not a signatory of this Consent Judgment of any private right of action under any law.

20. Nothing in this Consent Judgment constitutes the approval of, or acquiescence in, any business practices of the Defendants by the Attorney General. The Defendants shall make no representations to the contrary.

21. Nothing in this Consent Judgment constitutes an admission of wrongdoing by any Defendant nor shall anything in this Consent Judgment be considered a finding of wrongdoing or violation of law by any Defendant for any purpose, whatsoever.

22. This Consent Judgment will be construed and enforced by this Court.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

April 8, 2010
_____
DATE

APPROVED:

_____
Kevin Wells
Assistant Attorney General
*Counsel for the Plaintiff*

7

_____
William E. Raney
Copilevitz & Canter, LLC
*One of the Counsel for the Defendants*